CARL DUNHAM, JR. *v.* ROGER DUNHAM ET AL.

ROGER DUNHAM *v.* CARL DUNHAM, JR., ET AL.
(15261)
(15262)

Peters, C. J., and Callahan, Borden, Katz and Palmer, Js.

Argued May 29—officially released June 25, 1996

*William L. Ankerman,* with whom, on the brief, was *David C. Smith,* for the appellant (Joan Dunham Rogerson).

*Michael S. McKenna,* for the appellee (Carl Dunham, Jr.).

PER CURIAM. The principal issues in this appeal arise out of claims that a will should not have been admitted to probate because one of the testator's sons, an attorney, allegedly exercised undue influence over the testator. The trial court, after a de novo trial, rendered a judgment in favor of the plaintiff, Carl Dunham,

Jr., in which it held that the last will and testament of the testator, Jessica Scott Dunham, dated August 27, 1978, be admitted to probate in its entirety. The defendant Joan Dunham Rogerson, the testator's daughter, has renewed on appeal[1] the challenges that she raised at trial to the subject matter jurisdiction of the trial court and to the merits of the judgment rendered by the trial court. The trial court, *Pickett, J.*, considered and rejected Rogerson's jurisdictional challenge, and the trial court, *R. Walsh, J.*, considered and denied her motions for a mistrial and for the opening of the judgment against her. Upon a careful review of the claims of impropriety raised by Rogerson in her brief and at oral argument in this court, we conclude, in light of the record before the trial court, that the judgment of the trial court should be sustained.

The judgment is affirmed.

---

[1] In a companion case, Roger Dunham also appealed from the judgment of the trial court admitting the will to probate. That appeal has been withdrawn.